The President
delivered the opinion of the Court.
There can be no dispute about the 240 acres, which being entailed by William Keene, the first, descended upon William, the third, free from the conditions in the father’s will, and being converted into a fee simple estate in 1776, he was enabled to convey to the lessor of the plaintiff, a complete and absolute estate in this parcel of land, by the deed of 1779.
But as judgment is given for all the lands mentioned in the declaration, without distinguishing this part from the other, it must be reversed, unless the plaintiff’s title to the whole can be sustained.
The condition annexed to this devise in the will of Newton Keene, is active, so far as it requires the son, when of age. to join with the executors in a convey *314 anee of the slaves to those, who might purchase from ; or passive, as it injoins him, to suffer this property to be enjoyed by the devisees, in case they were not sold. The condition was certainly nugatory, since the devise to the executors to sell, or to the legatees, was perfect, and would have included the heir, without any act on his part. It was added, probably from abundant caution, to remove any doubts of the title from the minds of purchasers. But though it was unnecessarily required, the devisee was not therefore excused from the obligation of performance, since he took the estate subject to that condition. This then brings us to the question, whether it has been sufficiently performed, or not ?
In January 1775, the devisee executed a writing under seal, reciting, that in the preceeding month he had attained full age, stating the condition on which the land was devised to him, which he had considered, and declaring, that he would abide by the directions, devises, and conditions of the will, and join in any sale of the lands and slaves, according to the will.
It is objected, that this is not a conveyance, but merely an executory declaration. As to the lands, this is true ; the title to them cannot pass at law, but by a regular conveyance; yet a Court of Equity would have compelled him to release to the person who might purchase from the executors. But it is unnecessary to consider the extent of the obligation which this declaration imposed upon William Keene, as to the land, since it is found that he joined the executors in a conveyance of it.
As to the slaves, the declaration under consideration is important. This species of property may pass from one to another without a deed or written contract, if a valuable consideration be given. And if William Keene had instituted a suit for the recovery of these slaves, the writing in question would have been such an evidence of a contract, as to have created a bar to his recovery ; not by way of estoppel, but as passing his title.
But it was contended, that he ought, as soon as he *315 came of age, to have conveyed his right in the slaves to the executors. This would have been doing more than the testator required. He is only enjoined, (in case of a sale made by the executors,) to unite with them in a conveyance to the purchaser, and this he was not bound to do, unless required by the executors. If no sale were made by them, he was then bound to suffer this property to be enjoyed by the devisees.
It is objected, that the deed of trust made in 1789, has disabled William Keene from conveying to a purchaser when required, and has also deprived him of the power of permitting the enjoyment of the property by the devisees, within the meaning of the testator. To this, there are two sufficient answers.
1st. That the settlement is merely voluntary, and, therefore, fraudulent as to creditors and purchasers, and, indeed, as to all the world, except the grantor himself. It is, therefore, void as to the appellee, who claims under a prior title from William Keene. Besides, the declaration made in 1775, and recorded, had passed away his interest in the slaves, to the uses mentioned in his father's will, and, therefore, the deed of 1789, could not operate to defeat it.
2d. If it could be admitted, that this deed produced a forfeiture, still the remainder man could not lawfully enter in 1788, before this deed was made.
Upon the whole, we are of opinion that the conditions in the will of Newton Keene haye been perform - ed, and that the judgment must be affirmed.